THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES H. BELCHER, Defendant-Appellant.

(No. 11757;

Fourth District—October 4, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

No appearance for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant James Herbert Belcher was indicted and charged with three counts of burglary and one count of theft of property having a value in excess of $150. These offenses were perpetrated against various

businesses in Rantoul, Illinois, on May 6, 1971. On July 8, 1971, defendant plead not guilty and a trial date was set. Subsequent to plea negotiations, defendant withdrew his plea of not guilty and entered a plea of guilty to the burglary charges only. Judgment was entered on the pleas on September 9, 1971. Defendant was placed on probation for a period of five years with the condition that the first twelve months be spent at the Illinois State Penal Farm in Vandalia. The Illinois Defender Project was appointed counsel for defendant on this appeal.

Appellant-defense counsel has filed a brief pursuant to the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that a review of the case would be frivolous in the absence of a justiciable issue and seeks leave to withdraw. We continued the motion for a period of 60 days during which the defendant was given leave to file additional points and authorities. None have been filed.

The motion to withdraw discusses the sufficiency of the court's admonishment to the defendant which would appear to be the only possible issue on review. As suggested by the brief, the judge in the trial court complied with provisions of Supreme Court Rule 402 in the following matters: (1) he was informed of the nature of the charge; (2) he was informed of the minimum and maximum sentence prescribed by law; (3) he was informed of his right to plead not guilty; (4) he was informed that if he plead guilty, there would not be a trial, so that by pleading guilty, he waived his right to trial by jury and his right to be confronted by the witnesses against him; (5) the court determined that the plea was voluntary; (6) the court determined that there was a factual basis for the plea; and (7) the court made the provisions of the plea negotiation agreement a matter of record.

We have examined the record and concur in the view of appointed counsel that further review of this case would be frivolous. The admonishment here under review was adequate under Supreme Court Rules. The defendant entered his plea of guilty knowingly and voluntarily and there was a factual basis for the plea. The motion of counsel to withdraw should be, and the same is, allowed and the judgment of the circuit court of Champaign County is affirmed.

Judgment affirmed.

SMITH and SIMKINS, JJ., concur.